IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | No. 6:26-mc-00147-DCC |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| US Trustee's Office, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

This matter is before the Court on Appellant's pro se appeal from an order issued by the United States Bankruptcy Court for the District of South Carolina.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On March 13, 2026, the Magistrate Judge issued a Report recommending that Appellant's motion for leave to appeal be denied and that his appeal be dismissed.  The Magistrate Judge advised Appellant of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Appellant has filed various filings since the issuance of the Report; the Court has considered all arguments raised in Appellant's filings as objections.  ECF Nos. 6, 7, 9, 10.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Because Appellant filed objections, the Court's review has been de novo.  Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge.

Appellant's various arguments and objections do not generally address the substance of the Report and instead complaint about various judges and request to add numerous defendants to this action.  Any request to amend the notice of appeal is denied as futile.  With respect to the majority of the proposed defendants, it appears that Appellant is attempting to get around rulings in his civil cases and bring civil rights claims. Such is not appropriate in a bankruptcy appeal.  With respect to any proposed defendant

who was involved in the initial bankruptcy, Appellant has failed to demonstrate what role they would serve as a defendant in this action.

With respect to any appeal of the Magistrate Judge's address order, the Court finds that the Magistrate Judge's order was non-dispositive. Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Appellant's appeal. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the appeal is denied.

To the extent any of Appellant's filings should be liberally construed as requesting recusal of the undersigned, that request is denied. Recusal of federal judges is generally governed by 28 U.S.C. § 455. Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which

3

his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). It appears that any request for recusal is solely based upon prior rulings in Appellant's various cases. However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

Turning to the substance of the Report, as noted above, it does not appear that Appellant has filed specific objections to the Magistrate Judge's analysis. Nevertheless, out of an abundance of caution for a pro se party, the Court has review the record, the Report, and the applicable law de novo. Upon such review, the Court agrees with the Magistrate Judge's recommendation. Appellant has failed to meet the three-part test to bring an interlocutory appeal. Accordingly, this action is subject to dismissal.

## **CONCLUSION**

Accordingly, the Court agrees with the Report of the Magistrate Judge. Appellant's appeal of the Magistrate Judge's non-dispositive order is **DENIED**. Any motion to amend is **DENIED**. Any request for recusal is **DENIED**. Appellant's motion for leave to appeal [1] is **DENIED** and this action is **DISMISSED**.

4

Appellant has established himself as a frequent filer in this Court.  Therefore, any further filings in this case will be reviewed but will not receive a response unless one is deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 4, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.